UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

WAYNE MATHEWS,

                     Petitioner,

          -against-

ROBERT ERCOLE, Superintendent, Green
Haven Correctional Facility,

                    Respondent.

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 694 (BMC)

------------------------------------------------------------- X

**COGAN**, District Judge.

The sole issue raised in this habeas corpus proceeding under 28 U.S.C. §2254 is whether petitioner's time to file should be equitably tolled.

There is no dispute that petitioner failed to file within one year of the date upon which his state court conviction became final, as the statute requires, see 28 U.S.C. § 2244(d), filing, instead, some 53 days late. There is also no dispute that petitioner's Legal Aid attorney in his state court proceedings, who told petitioner that he would advise petitioner if the New York Court of Appeals granted his motion for leave to appeal, never told petitioner that the New York Court of Appeals had instead denied that motion. The Court also assumes to be true petitioner's allegation that he only learned of the New York Court of Appeals' denial of his motion a week or two after the expiration of the one-year period, when he did research in the prison law library, and that it was difficult to get access to the law library previously.[1]

---

[1] The timetable is as follows. The New York Court of Appeals denied leave to appeal on August 21, 2007. Allowing 90 days to file a petition for certiorari with the U.S. Supreme Court (although that of course did not happen), petitioner's time to file his federal habeas petition expired on November 21, 2008. Petitioner claims he discovered the denial of his motion for leave in "late November and early December '08." Although the instant petition was docketed on February 13, 2009, the petition is dated January 13, 2009, and the Court will assume that to be the filing date.

These facts are legally insufficient to warrant equitable tolling. The cases in this circuit are virtually unanimous in holding that defense counsel's mere negligence in failing to notify a petitioner that his time to file his federal proceeding is running cannot constitute a basis for equitable tolling. See Smaldone v. Senkowski, 273 F.3d 133,138 (2d Cir. 2001) ("This Circuit, like her sisters, has found attorney error inadequate to create the 'extraordinary' circumstances equitable tolling requires"); Plowden v. Romine, 78 F. Supp. 2d 115, 118-19 (E.D.N.Y. 1999); Ferguson v. Mantello, No. 00 Civ. 2098, 2000 WL 1721140, at *2 (S.D.N.Y. Nov. 16, 2000); Mandarino v. United States, No. 98 Civ. 590, 1998 WL 729703, at *2 (S.D.N.Y. Oct. 16, 1998).

In most of the cases rejecting equitable tolling, the petitioners, upon discovering their attorneys' error, had two or three weeks left on their one-year period, unlike here, where the period had already expired – if the Court credits petitioner's description of the timetable – a week or two before petitioner's discovery of the denial of his motion. That might be a meaningful distinction if petitioner had taken any action at all before or during the 15 months after the New York Court of Appeals denied leave to appeal. However, it is fundamental that a petitioner seeking equitable tolling must demonstrate "reasonable diligence." Warren v. Kelly, 207 F. Supp. 2d 6, 10-11 (E.D.N.Y. 1999) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). Petitioner has not demonstrated that here.

Petitioner attributes his inactivity to his inability to gain access to a law library, but he did not need a law library to do what he ultimately did – writing a letter to his attorney and/or to the New York Court of Appeals. When he finally took these steps, both letters elicited relatively quick responses, and if done any time prior to the expiration of the limitations period, would have likely yielded the same or a greater window to enable a timely filing than in the cases cited above. A complete failure of inquiry to his attorney or the New York Court of Appeals

concerning a simple motion for leave to appeal for more than 15 months does not constitute reasonable diligence. See Tamayo v. United States, No. 05 Civ. 9001, 2008 WL 417674, at *4 (S.D.N.Y. Feb. 13, 2008) ("[Petitioner] does not allege he was denied access to his counsel or that he even tried to contact his counsel.") Warren, 207 F. Supp. 2d at 10-11 ("The Court of Appeals denied leave to appeal in June 1997, over one year before the Petitioner drafted his federal habeas petition. The Petitioner certainly could have inquired about the status of his appeal during that time, and cannot use his own lack of diligence to toll the statute of limitations.").

Finally, petitioner points out that notwithstanding his attorneys' error, his filing was less than two months' beyond the limitations period. However, if grounds for equitable tolling are not demonstrated, the courts have held that even one day late is beyond the limitations period. See Richard v. Rock, No. 08-CV-145, 2009 WL 383762, at *7 (N.D.N.Y. Feb. 10, 2009) ("[T]he fact that the filing was only one day late is not itself a basis for equitable tolling.") (citing Smith v. Conway, No. 07 Civ. 7174, 2008 WL 2531194, at *3 (S.D.N.Y. June 24, 2008); United States v. Locke, 471 U.S. 84, 101, 105 S.Ct. 1785 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it."); Carlisle v. United States, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996) (holding defendant that moved one day late for judgment of acquittal was procedurally barred).

## CONCLUSION

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. Further, I certify that

any appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a);

Coppedge v. United States, 369 U.S. 438, 444, 82 S.Ct. 917 (1962).

**Chambers will mail a copy of this Order to petitioner *pro se,* together with a copy of the unreported cases cited above.**

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

——————————————————————— U.S.D.J.

Dated: Brooklyn, New York
       July 28, 2009